■ In the Matter of THEODORE LOOS et al., Petitioners, against NEW YORK CITY TRANSIT AUTHORITY, Respondent.—A proceeding under article 78 of the Civil Practice Act to review determinations of the New York City Transit Authority dismissing petitioners Loos, Gorevan, Roth, Vaupel and Vasquez and suspending without pay through September 5, 1956 the remaining 21 petitioners, all motormen, has been transferred to this court (Civ. Prac. Act. § 1296). With the exception of petitioner Vasquez the petitioners were charged and found guilty of violation of rules prohibiting illegal activities and disobedience in that they, in concert, instigated or abetted a work stoppage on June 14, 1956. It

was specified and found as to petitioners Loos, Roth, Gorevan, Conway, Grimes, Kiser, O'Brien, Sasso, McCarthy, Vasquez, Healey, Maguire, Patterson and Lumpkin that they failed to perform their assigned duties, and as to petitioners Roth and Gorevan that they failed to turn in, upon direction, property of the Transit Authority. Petitioner Leary was charged with violation of rules relating to absence from duty without leave. As to petitioners Noonan, Neary, Golia and Hairston, the respective determinations suspending them without pay annulled, without costs, charges dismissed, and respondent directed to pay forthwith to said petitioners their compensation from the time of their initial suspension, save Neary, on June 15, 1956, and as to Neary from June 17, 1956, to and including September 5, 1956. As to the remaining petitioners, the respective determinations modified so as to provide for payment to them of their compensation from date of initial suspension to date of the determination on August 30, 1956, less compensation for 30 days. As so modified, these determinations confirmed, without costs. The status of petitioners as members of an association, or as its officers, committeemen or directors is insufficient, in itself, to warrant a finding of guilt. There is no substantial proof as to petitioners Noonan, Neary, Golia and Hairston to support the charges against them. Guilt of the remaining petitioners of at least one specification was founded on substantial proof that each had committed an overt act. With reference to those petitioners who were penalized by suspensions, the determination of guilt as to some specifications was unwarranted. Inasmuch, however, as they were guilty under at least one specification and the penalty, as distinguished from the suspension for 30 days pending determination, is suspension only from August 30, through September 5, 1956, it would be idle to remit for reconsideration of punishment. The maximum suspension without pay pending determination of charges is 30 days (Civil Service Law, § 22, subd. 2). Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.